STATE OF NORTH CAROLINA v. ERNESTO RAFEL DELROSARIO

No. COA07-953

(Filed 3 June 2008)

**1. Criminal Law— actions used in federal sentencing—not a federal conviction—state prosecution not barred**

N.C.G.S. § 90-97 did not bar state prosecution where defendant pled guilty in state court to a drug offense, those acts were considered at sentencing for a federal conviction of a related offense, and the state sentencing occurred after the federal sentencing. The acts that were the subject of the state charge were not charged in federal court and defendant was not convicted under federal law for those actions.

**2. Criminal Law— continuance denied—transcript of federal sentencing hearing not available**

> The trial court did not err by denying a continuance where a defendant sought a transcript of a federal sentencing hearing which had considered the acts for which he was being sentenced in state court. There was testimony that the federal indictment had not adopted these offenses, the trial court properly concluded that N.C.G.S. § 90-97 was not a defense to the State prosecution, and defendant had not shown that he was materially prejudiced by the denial of his motion.

Appeal by defendant from judgment entered 16 January 2007 by Judge J.B. Allen, Jr., in Wake County Superior Court. Heard in the Court of Appeals 6 February 2008.

> *Attorney General Roy Cooper, by Assistant Attorney General Latoya B. Powell, for the State.*

> *Jarvis John Edgerton, IV, for defendant appellant.*

McCULLOUGH, Judge.

At the 11 December 2001 Criminal Session of Wake County Superior Court, defendant Ernesto Rafel Delrosario ("defendant") pled guilty to two counts of maintaining a vehicle or dwelling for the keeping or sale of controlled substances, one count of trafficking in cocaine by possession, and one count of trafficking in cocaine by transportation.

The undisputed evidence presented at the plea hearing tended to show the following: Sometime prior to 20 July 2001, a confidential informant working in cooperation with the Raleigh Police Department told Detective Bradley Young that defendant was involved in drug trafficking in the Raleigh area. The Raleigh Police Department, with the assistance of the informant, arranged to purchase approximately nine ounces of cocaine from defendant on 20 July 2001.

On 20 July 2001, law enforcement observed defendant drive his vehicle from his residence at 225 Peartree Lane toward the location for the prearranged cocaine purchase. Law enforcement concluded that defendant was driving without a valid driver's license and stopped the vehicle. During the stop, law enforcement searched defendant and found nine ounces of cocaine on his person. Defendant

waived his rights and consented to a search of his residence. Upon searching his residence, law enforcement found a cocaine grinder and 278.2 grams of cocaine. The trial court accepted defendant's guilty plea pursuant to the plea arrangement, and the matter was continued 60 days for sentencing. Defendant was released.

During the interim between the plea hearing and the sentencing hearing, defendant absconded. On 21 December 2001, defendant committed acts that gave rise to federal drug charges. Specifically, defendant was indicted with charges under 18 U.S.C. § 954(c) and 21 U.S.C. § 841(a)(1) for distributing 55 grams of cocaine. Defendant pled guilty to these federal charges on 24 February 2003. Although the charges arising from the 20 July 2001 offenses were not adopted for prosecution in the federal indictment, the 20 July 2001 offenses were considered for purposes of sentencing. The federal judge found as fact that the 20 July 2001 offenses were part of the same course of conduct as defendant's 21 December 2001 offenses. Using a "real offense" approach to sentencing, on 25 June 2003, the federal judge aggregated the weight of the cocaine from the 21 December offense and the 20 July offense, and increased defendant's offense level from a Level 16 to a Level 22.

At the 16 January 2007 Criminal Session of Wake County Superior Court, defendant was sentenced on the state charges. Defendant moved to dismiss the state charges pursuant to N.C. Gen. Stat. § 90-97 (2007), and alternatively, to continue sentencing, in order to secure a transcript of defendant's federal sentencing hearing. The trial court denied both motions. Defendant received a consolidated term of imprisonment of 70 to 84 months as well as a $100,000 fine.

On appeal, defendant contends that the trial court erred by: (1) denying his motion to dismiss the state drug charges pursuant to N.C. Gen. Stat. § 90-97; and (2) failing to continue the sentencing hearing.

## I. Motion to Dismiss

[1] Defendant first contends that because the 20 July 2001 offenses that give rise to the state charges were considered during defendant's federal sentencing, N.C. Gen. Stat. § 90-97 is a bar to the state charges against defendant. We disagree, as we conclude that defendant was not convicted under federal law for the same act that gives rise to the state charges at issue.

N.C. Gen. Stat. § 90-97 provides, in pertinent part:

If a violation of this Article is a violation of a federal law or the law of another state, **a conviction** or acquittal under federal law or the law of another state **for the same act** is a bar to prosecution in this State.

### A. "Prosecution" under § 90-97

First, we address the State's argument that § 90-97 is inapplicable to the case *sub judice* because the state prosecution ended on the date that defendant pled guilty to the state charges, which was prior to defendant's federal conviction. We find that this argument is inconsistent with the definition of "prosecution" that has been adopted by our Supreme Court. In *State v. Harvey*, 281 N.C. 1, 19, 187 S.E.2d 706, 717 (1972), our Supreme Court held that under the Controlled Substance Act, a prosecution "consists of the series of proceedings had in the bringing of an accused person to justice, from the time when the formal accusation is made, by the filing of an affidavit or a bill of indictment or information in the criminal court, until the proceedings are terminated." We are bound by this definition, and accordingly, we conclude that a state prosecution ends not on the date that a defendant pleads guilty to state charges, but rather the prosecution is pending until the date that all state proceedings are terminated. Here, defendant was convicted of federal charges before all state proceedings were terminated. Because defendant's federal conviction occurred before the state prosecution ended, N.C. Gen. Stat. § 90-97 is applicable if the remaining statutory requirements are satisfied.

### b. "Conviction" under N.C. Gen. Stat. § 90-97

Having decided that defendant's federal conviction occurred prior to the conclusion of defendant's state prosecution, we now turn to whether the consideration of the 20 July 2001 offenses for federal sentencing purposes constituted a "conviction" for those offenses as that term is used in N.C. Gen. Stat. § 90-97. " 'Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning.' " *State v. Cheek*, 339 N.C. 725, 728, 453 S.E.2d 862, 864 (1995) (quoting *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)).

We have held that, under the traditional definition, "conviction" refers to the jury's or fact-finder's guilty verdict. *State v. McGee*, 175

N.C. App. 586, 589-90, 623 S.E.2d 782, 785, *disc. review denied,* 360 N.C. 489, 632 S.E.2d 768, *appeal dismissed, disc. review denied,* 360 N.C. 542, 634 S.E.2d 891 (2006) (adopting Black's Law Dictionary's definition of the term "conviction": " 'The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. . . . 2. The judgment (as by jury verdict) that a person is guilty of a crime.' "). *Id.* Likewise, the North Carolina Structured Sentencing Statutes provide, in pertinent part, "a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." N.C. Gen. Stat. § 15A-1331(b) (2007).

This definition of the term "conviction" is in accord with federal precedent. In *Witte v. United States,* 515 U.S. 389, 132 L. Ed. 2d 351 (1995), the defendant moved to dismiss an indictment charging him with conspiring and attempting to import cocaine in violation of 21 U.S.C. §§ 952(1) and 963 on the ground that the cocaine involved in these offenses had been considered as "relevant conduct" at sentencing for a previous marijuana conviction, and therefore, the later prosecution was barred by the Double Jeopardy Clause of the Fifth Amendment. The United States Supreme Court rejected this argument, reasoning that consideration of uncharged conduct for sentencing purposes is *not* a "conviction" for such conduct, and therefore, is not "punishment" under the Double Jeopardy Clause:

> We agree with the Court of Appeals, however, that petitioner's double jeopardy theory—that consideration of uncharged conduct in arriving at a sentence within the statutorily authorized punishment range constitutes "punishment" for that conduct—is not supported by our precedents, which make clear that a defendant in that situation is punished, for double jeopardy purposes, **only for the offense of which the defendant is convicted.**

*Witte,* 515 U.S. at 397, 132 L. Ed. 2d at 362.

Thus, under federal law, where uncharged conduct is considered as relevant conduct for sentencing purposes, the defendant is neither "convicted" for such conduct nor is he "punished" for such conduct. *Id.* Here, Robert Hale, defendant's counsel in the federal case, testified that the federal indictment did not adopt for prosecution defendant's conduct on 20 July 2001. Because defendant was not charged in the federal prosecution for his 20 July 2001 acts, he was neither adjudged guilty nor did he plead guilty or no contest for those acts in federal court. Under both the state and federal definition of the term,

defendant was not "convicted" under federal law for the uncharged acts that occurred on 20 July 2001. Accordingly, we conclude that N.C. Gen. Stat. § 97-90 does not bar the state prosecution for the acts that occurred on 20 July 2001 because defendant was not "convicted" for the "same act" under federal law. This assignment of error is overruled.

## II. Motion to Continue

**[2]** Defendant next contends that the trial court committed reversible error by denying his motion to continue, pending delivery of a transcript from the federal sentencing hearing. Defendant argues that the trial court deprived him of his constitutional right to present his defense. We disagree.

In reviewing a trial court's ruling on a motion to continue,

> "[i]t is well-established that a motion to continue is ordinarily addressed to the trial judge's sound discretion and his ruling thereon will not be disturbed except upon a showing of abuse of discretion. However, when a motion to continue is based on a constitutional right, the question presented is a reviewable question of law."

*State v. Smith,* 155 N.C. App. 500, 505, 573 S.E.2d 618, 622 (2002) (quoting *State v. Poole,* 305 N.C. 308, 318, 289 S.E.2d 335, 341-42 (1982)), *disc. review denied,* 357 N.C. 255, 583 S.E.2d 287 (2003).

"To establish a constitutional violation, a defendant must show that he did not have ample time to . . . investigate, prepare and present his defense." *State v. Tunstall,* 334 N.C. 320, 329, 432 S.E.2d 331, 337 (1993), *cert. denied,* 543 S.E.2d 144, *cert. denied,* 543 S.E.2d 882, *cert. denied,* 544 S.E.2d 242 (2000). In order to demonstrate that the time allowed to prepare a defense was inadequate, defendant must show "how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion." *State v. Covington,* 317 N.C. 127, 130, 343 S.E.2d 524, 526 (1986). Here, although defendant was unable to obtain a transcript of the federal sentencing hearing, defendant presented Robert Hale's testimony that the federal indictment did not adopt the 20 July 2001 offenses. As previously discussed, based on this testimony, the trial court properly concluded that N.C. Gen. Stat. § 90-97 was not a defense to defendant's state prosecution. Since this defense fails as a matter of law, defendant has not shown that he was materially preju-

diced by the denial of his motion or that he would have been better prepared had he been able to obtain a transcript of the hearing. This assignment of error is overruled.

Based on the foregoing, we affirm.

Affirmed.

Judges ELMORE and ARROWOOD concur.