STATE OF NORTH CAROLINA v. TONIA KERRIN, Defendant

No. COA09-1153

(Filed 4 January 2011)

**1. Probation and Parole— driver's license forfeiture—findings of fact—written order**

The trial court did not err in a probation revocation proceeding by making findings of fact and entry of judgment in a written order on form AOC-CR-317. N.C.G.S. § 15A-1331A did not require the trial court to announce its judgment in open court in addition to entry of a written order and the trial court was not required to announce all of the findings and details of its judgment in open court.

**2. Probation and Parole— driver's license forfeiture—insufficient findings of fact—matter remanded**

The trial court erred in a probation revocation proceeding by ordering the forfeiture of defendant's driver's license where the trial court failed to make the findings of fact required by N.C.G.S. § 15A-1331A(b)(2) to support the order. The order did not include a finding concerning whether defendant failed to make reasonable efforts to comply with the conditions of probation. As there was evidence in the record from which the trial court could have made this finding, the matter was remanded to the trial court.

**3. Probation and Parole— order—remanded—clerical correction**

The Court of Appeals remanded an order revoking defendant's probation for correction of clerical errors.

**4. Probation and Parole— driver's license forfeiture—term not to exceed original probation term**

The trial court committed reversible error by suspending defendant's driver's license for 24 months from the date of her probation revocation hearing when only 6 ½ months of her probationary period remained. A court which revokes a defendant's probation may order a forfeiture of an individual's driver's license pursuant to N.C.G.S. § 15A-1331A(b)(2) at any time during the individual's probation term, but the specific term of forfeiture cannot exceed the individual's original probation term as set by the sentencing court at the time of conviction.

Appeal by defendant from judgment entered on or about 1 April 2009 by Judge Phyllis M. Gorham in Superior Court, New Hanover County. Heard in the Court of Appeals 11 March 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Karissa J. Davan, for the State.*

*Faith S. Bushnaq, for defendant-appellant.*

STROUD, Judge.

Tonia Kerrin ("defendant") appeals from a trial court's probation violation order and order of forfeiture of her driver's license for a period of 24 months. Because the trial court did not make the findings of fact required by N.C. Gen. Stat. § 15A-1331A that defendant failed to make "reasonable efforts" to comply with the conditions of her probation and the term of defendant's forfeiture exceeded the statutory limits for license forfeiture, we reverse the trial court's order of forfeiture and remand for further findings. We also remand for correction of a clerical error.

I. Background

On 8 January 2007, defendant was indicted on one count of conspiracy to commit felony larceny and on 15 May 2007 defendant was arrested for one count of assault on a government official during an alleged shoplifting incident in Wake County. On 15 October 2007, pursuant to a plea agreement, defendant pled guilty to one count of felony larceny, one count of conspiracy to commit felony larceny, and one count of assault on a government official. The trial court sentenced defendant to concurrent active terms of 10 to 12 months of imprisonment for the felony larceny conviction and 8 to 10 months of

imprisonment for the consolidated conspiracy and assault convictions. The trial court suspended the active terms of imprisonment and placed defendant on supervised probation for a period of 24 months, with 6 months designated as intensive probation. Defendant's probation was transferred from Wake County to New Hanover County.

On 30 September 2008, Probation Officer Mark Pittman filed a probation violation report alleging that defendant had violated the conditions of her probation in that she had a positive drug test for use of cocaine, failed to complete community service, did not report as scheduled on two dates, and was not at her approved residence at curfew on three dates. An order for defendant's arrest was issued on 31 October 2008 but was recalled on 13 November 2008. Another order for defendant's arrest was issued on 8 January 2009 for failure to report for a probation hearing on 5 January 2009. Probation Officer Pittman filed another probation violation report on 13 February 2009 alleging that defendant failed to appear for a probation violation hearing, left her approved residence, failed to make her whereabouts known, and had "absconded supervision."

On 1 April 2009, following a probation revocation hearing, the trial court entered judgment against defendant and concluded that she had violated the conditions of her probation based upon the four violations alleged in the "Violation Report or Notice dated 10/20/08"[1], revoked her probation, and activated defendant's sentence of 8 to 10 months. The trial court also ordered that defendant's driver's licensing privileges be forfeited for 24 months, beginning on 1 April 2009, the date of the probation revocation hearing, until 1 April 2011. Defendant gave written notice of appeal.

## II. Findings required by N.C. Gen. Stat. § 15A-1331A

[1] Defendant makes two arguments regarding deficiencies in the findings in the forfeiture order. First, defendant contends that "the trial court committed reversible error in entering a written judgment ordering license forfeiture when the judgment announced in open court was silent as to forfeiture." Defendant contends that since N.C. Gen. Stat. § 15A-1331A requires the trial court to make findings in the judgment and the trial judge was silent as to forfeiture in open court, the case should be remanded to trial court for entry of judgment consistent with the trial court's statements in open court and the

---

1. The probation violation report was actually dated 30 September 2008; on that report, defendant's probation violation hearing was set for 20 October 2008, although the hearing did not occur on that date.

forfeiture order should be vacated. The State counters that proper findings were made in the trial court's written order.

N.C. Gen. Stat. § 15A-1331A(b)(2) (2009) requires forfeiture will occur based upon the trial court's "findings in the judgment that the individual failed to make reasonable efforts to comply with the conditions of probation." In addition, subsection (c) states,

> Whenever an individual's licensing privileges are forfeited under this section, the judge shall make findings in the judgment of the licensing privileges held by the individual known to the court at that time, the drivers license number and social security number of the individual, and the beginning and ending date of the period of time of the forfeiture . . . .

N.C. Gen. Stat. § 15A-1331A(c).

Contrary to defendant's contentions, we have held that "[i]n a criminal case, for entry of judgment to occur, a judge must either announce his ruling in open court or sign the judgment containing the ruling and file it with the clerk." *N.C. Dep't of Corr. v. Brunson*, 152 N.C. App. 430, 437, 567 S.E.2d 416, 421 (2002) (citing *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984)). Therefore, the trial court was not required to announce all of the findings and details of its judgment in open court. We also note that nothing in N.C. Gen. Stat. § 15A-1331A requires the trial court to announce its judgment in open court in addition to entry of a written order. Accordingly, we hold that the trial court did not err by making findings and entry of judgment in a written order on form AOC-CR-317 titled, "FORFEITURE OF LICENSING PRIVILEGES FELONY PROBATION REVOCATION[.]" We therefore reject defendant's argument that the written order is in error because the trial court did not announce the details of the order in open court.

[2] Defendant's second argument is that the trial court failed even in its written order to make the findings of fact required to support an order of forfeiture. Defendant notes that the order does not include the finding required by N.C. Gen. Stat. § 15A-1331A(b)(2) that "the individual failed to make reasonable efforts to comply with the conditions of probation."[2] Defendant contends that N.C. Gen. Stat.

---

2. Although plaintiff has not made any argument regarding the absence of findings as to "the drivers license number and social security number of the individual," we note that N.C. Gen. Stat. § 15A-1331A(c) provides that the trial court "shall" make these findings; the order does not contain these findings. We also question the wisdom of requiring a defendant's full social security number to be listed on a judgment which

§ 15A-1331A provides that license forfeiture does not automatically occur upon any revocation of probation, but the trial court must also find that the defendant "failed to make reasonable efforts to comply with the conditions of probation" for forfeiture to take effect. Thus, defendant contends that the trial court's findings of fact do not support its conclusion of law that defendant was subject to license forfeiture.

We must first determine what findings of fact and conclusions of law the trial court made; this determination is complicated by the fact that the order of forfeiture incorporates the judgment of probation revocation, which in turn incorporates the probation violation report. We must look to all three documents to piece together the findings. The order of forfeiture itself includes the following findings of fact:

> On the basis of the record in this case and any evidence presented, the Court, having entered the attached judgment, which is incorporated by reference, makes the following further findings and includes these findings in the judgment. The judgment is modified to the extent necessary to include these findings, but the inclusion of these findings does not otherwise alter, amend, or modify the judgment in any respect. The Court FINDS that the defendant holds a licensing privilege issued by each of the licensing agencies named below, has been convicted of a felony and is subject to forfeiture of those licensing privileges because: . . .

> 2. *(Structured Sentencing felonies committed on and after January 1, 1997)* the defendant's probation was revoked or suspended. The period of license forfeiture begins on the "Beginning Date" shown above and ends on the "Ending Date" shown above.

The "Beginning Date" entered on the order was "04-01-2009" and the "Ending Date" entered on the order was "04-01-2011[.]" The form which was used for the order, AOC-CR-317 (revised 06/04), also includes a note as follows: *"NOTE: The "Beginning Date" is the date of the entry of this judgment, and the "Ending Date" is the date of the end of the full probationary term imposed at the time of conviction."* (Emphasis in original.) The "licensing agencies named below" blank on the form was filled in as the "North Carolina Division of Motor Vehicles[.]" The blanks for the defendant's drivers license number and social security number were not filled in.

---

is a matter of public record, given the recent increases in identity theft and fraudulent use of social security numbers.

**STATE v. KERRIN**

[209 N.C. App. 72 (2011)]

The "attached judgment" referred to in the forfeiture order is the probation revocation order entered on the same date. That order included the following findings of fact:

After considering the record contained in the files numbered above, together with the evidence presented by the parties and the statements made on behalf of the State and the defendant, the Court finds:

1. The defendant is charged with having violated specified conditions of the defendant's probation as alleged in the . . . a. Violation Report(s) on file herein, which is incorporated by reference . . .

2. Upon due notice or waiver of notice . . . a. a hearing was held before the Court and, by the evidence presented, the Court is reasonably satisfied in its discretion that the defendant violated each of the conditions of the defendant's probation as set forth below . . .

3. The condition(s) violated and the facts of each violation are as set forth . . . a. in paragraph(s) 1,2,3,4 in the Violation Report or Notice dated 10-20-08 [sic].

The probation violation report of 10-20-08[3] which was incorporated identified four probation violations, specifically:

1. Special Condition of Probation "Not use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it . . ." in that
THAT ON 08-28-09, THE DEFENDANT DID TEST POSITIVE FOR THE ILLEGAL SUBSTANCE OF COCAINE.

2. Special Condition of Probation "Complete Community Service as directed by the Community Service Coordinator . . ." in that THE DEFENDANT FAILED TO COMPLETE COMMUNITY SERVICE AS AGREED AND IS 50 HOURS IN ARREARS.

3. Regular Condition of Probation "Report as directed by the Court or the probation officer to the officer at reasonable times and places . . ." in that
THAT ON 09-17-08 AND 08-27-08, THE DEFENDANT FAILED TO

---

3. As noted above, this date is in error; the probation violation report was dated 30 September 2008.

REPORT AS SCHEDULED AND FAILED TO CALL PRIOR TO MISSING THESE[] APPOINTMENTS TO MAKE OTHER ARRANGEMENTS.

4.   Special Condition of Probation "Not be away from the defendant's residence during the specified hours as set by the court or probation officer . . ." in that
THAT ON 08-23-08 AT 7 PM, 08-15-08 AT 8:14PM, AND 08-11-08 AT 8:32PM., THE DEFENDANT WAS NOT AT HER APPROVED RESIDENCE AS REQUIRED BY CURFEW.

Defendant is correct that the trial court failed to make any finding of fact that she "failed to make reasonable efforts to comply with the conditions of probation." *See* N.C. Gen. Stat. § 15A-1331A(b)(2). None of the three documents which comprise the order make any mention of "reasonable efforts" or lack thereof. The only substantive findings of fact were that defendant violated four specific conditions of her probation; these findings were required to support the probation revocation order, but no additional findings were made other than the fact that she had a license issued by the North Carolina Department of Motor Vehicles which was subject to forfeiture.

Although the trial court failed to make the required findings of fact, if there was evidence upon which the trial court could have made these findings, it would be proper for us to remand to the trial court for entry of additional findings. *See State v. King,* —— N.C. App. ——, 693 S.E.2d 168 (2011) (Remand for additional findings of fact as to satellite based monitoring determination to trial court, where the State presented evidence at the probation violation hearing which would support required findings of fact). Therefore, we must next consider whether the State presented any evidence before the trial court which could support a finding that defendant "failed to make reasonable efforts to comply with the conditions of probation" as to the probation violations upon which the revocation was predicated.

Defendant's probation officer, Officer Pittman, and defendant testified at the 1 April 2009 probation revocation hearing regarding defendant's compliance with the conditions of her probation. Officer Pittman testified that defendant had violated her probation by testing positive for cocaine on 28 August 2008; missing office appointments with Officer Pittman on 17 September 2008 and 27 August 2008; and failing to meet with Officer Pittman at her residence every two months. We note these were specific violations in Officer Pittman's 30 September 2008 probation violation report. However, Officer Pittman

**STATE v. KERRIN**

[209 N.C. App. 72 (2011)]

testified that defendant had also violated her probation by failing to appear for her 6 January 2009 probation hearing and "absconding supervision[.]" This specific violation was in Officer Pittman's 13 February 2009 violation report. Officer Pittman further testified that defendant had only made contact sporadically; had been charged with additional crimes since being placed on probation; had been incarcerated in Anson County; and had been released from incarceration in Anson County before her probation revocation hearing scheduled for 5 January 2009 but did not attend that hearing. He also stated that after defendant's failure to appear, she contacted him by phone, but because she knew that there were probation warrants out for her arrest, she did not report to him or turn herself in; and she was arrested in late March 2009, as part of a police "sting." Officer Pittman also testified that "[a]ccording to family," defendant was "avoiding supervision by not making herself available." Thus, it appears that the State presented evidence which supported the violations alleged in both the 13 February 2009 and 30 September 2008 probation violation reports, as well as evidence regarding defendant's failure to exercise reasonable efforts to comply with the conditions of her probation as to both violation reports.

Our Court has recognized that "probation revocation hearings are not formal criminal proceedings requiring proof beyond a reasonable doubt" and that "the State's burden of proof during probation revocation hearings is to present evidence that reasonably satisfies the trial court in its discretion that defendant has violated a valid condition of probation." *State v. Tozzi*, 84 N.C. App. 517, 521, 353 S.E.2d 250, 253 (1987). No prior case has addressed the burden of proof under N.C. Gen. Stat. § 15A-1331A, as to forfeiture of licensing privileges, but the same burden of proof would logically apply to this determination as to the revocation of probation. Thus, the State had a burden of proof to "present evidence that reasonably satisfies the trial court in its discretion[,]" *see id.*, that the defendant had not made "reasonable efforts" to comply with at least one condition of probation. The testimony by Officer Pittman shows that the State did present evidence regarding defendant's lack of "reasonable efforts to comply with the conditions" of her probation. *See* N.C. Gen. Stat. § 15A-1331A(b)(2). The transcript also contains testimony from defendant as to her efforts to comply with the conditions of her probation. As the statute requires findings as to defendant's reasonable efforts to comply with the conditions of her probation and there was evidence in the trial transcript regarding defendant's efforts to comply with the conditions of probation, we reverse the trial court's order forfeiting defendant's

license privileges for a period of 24 months and remand to the trial court for further findings as to whether defendant failed to "make reasonable efforts to comply with the conditions of probation." *See* N.C. Gen. Stat. § 15A-1331A(b)(2).

We further note that form AOC-CR-317 does not contain a section specifically designated for the trial court to make findings as to defendant's "reasonable efforts to comply with the conditions of probation[]" as required by N.C. Gen. Stat. § 15A-1331A(b)(2). We therefore encourage revision of form AOC-CR-317 to add this required finding, which may help to avoid future errors based upon omission of this finding in orders for forfeiture of a defendant's licensing privileges.

[3] Additionally, we must address a clerical error in the trial court's findings in its 1 April 2009 order revoking defendant's probation. A clerical error has been defined by this Court as "[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (citation and quotation marks omitted). Here, as stated above, the only two probation violation reports filed by Officer Pittman were dated 30 September 2008 and 13 February 2009. However, in its written order revoking defendant's probation, the trial court found that the conditions violated by defendant and the facts of each violation were set forth in paragraphs one through four of the violation report dated "10/20/2008[.]" Officer Pittman's 30 September 2008 probation violation report states that the probation violation hearing date was scheduled for "10-20-2008[.]" Therefore, the entry of "10/20/2008" in the trial court's order appears to have been "[a]n error resulting from a minor mistake or inadvertence, esp. in writing or copying something on the record." *See id.* We also note that at the 1 April 2009 probation violation hearing, evidence was presented regarding defendant's violations based upon both the 30 September 2008 and the 13 February 2009 probation violation reports. "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.' " *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citation and quotation marks omitted). Accordingly, we remand to the trial court for correction of this clerical error, to correctly identify the probation violation report or reports and to make findings regarding the conditions which the trial court found that defendant had violated.

### III. Defendant's term of license forfeiture

[4] Defendant also argues on appeal that "the trial court committed reversible error by suspending [her] license for 24 months from the date of her probation revocation hearing when only 6 ½ months of her probationary period remained." Even though we have reversed the order of forfeiture of defendant's licensing privileges based on the lack of required findings of fact, the trial court on remand will make additional findings and may again order a term of forfeiture of defendant's licensing privileges. Therefore, we will address defendant's argument.

The relevant portions of N.C. Gen. Stat. § 15A-1331A state:

> (b)   Upon conviction of a felony, an individual automatically forfeits the individual's licensing privileges *for the full term of the period the individual is placed on probation by the sentencing court at the time of conviction for the offense, if:*
>
>> (1) The individual is offered a suspended sentence on condition the individual accepts probation and the individual refuses probation, or
>
>> (2) The individual's probation is revoked or suspended, and the judge makes findings in the judgment that the individual failed to make reasonable efforts to comply with the conditions of probation.

N.C. Gen. Stat. § 15A-1331A (Emphasis added).

The plain language of N.C. Gen. Stat. § 15A-1331A(b) sets forth a specific term for which a court can order forfeiture of an individual's licensing privileges: "for the full term of the period the individual is placed on probation by the sentencing court at the time of conviction for the offense[.]" N.C. Gen. Stat. § 15A-1331A(b). The statute provides for the "sentencing court" to set a term of probation "at the time of conviction for the offense[.]" The term "conviction" clearly refers to the conviction for the offense(s) for which a defendant is placed on probation.

> We have held that, under the traditional definition, "conviction" refers to the jury's or fact-finder's guilty verdict. *State v. McGee,* 175 N.C. App. 586, 589-90, 623 S.E.2d 782, 785, *disc. review denied,* 360 N.C. 489, 632 S.E.2d 768, *appeal dismissed, disc. review denied,* 360 N.C. 542, 634 S.E.2d 891 (2006) (adopting Black's Law Dictionary's definition of the term "conviction": " 'The act or process of judicially finding someone guilty of a

crime; the state of having been proved guilty . . . . 2. The judgment (as by jury verdict) that a person is guilty of a crime.' "). *Id.* Likewise, the North Carolina Structured Sentencing Statutes provide, in pertinent part, "a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." N.C. Gen. Stat. § 15A-1331(b) (2007).

*State v. Delrosario*, 190 N.C. App. 797, 800-01, 661 S:E.2d 283, 286, *disc. review denied*, 362 N.C. 684, 670 S.E.2d 905 (2008). Because the statute specifies that the "sentencing court" sets the term of probation upon which the forfeiture is based "at the time of conviction[,]" it appears that the trial court at the probation revocation hearing does not have discretion to extend an individual's forfeiture beyond the ending date of the individual's term of probation as set at the time of conviction. The "sentencing court" here is clearly referring to the judge sentencing the individual for the original conviction and placing the defendant on probation, not a judge revoking an individual's probation at a later date. *See* N.C. Gen. Stat. § 15A-1331A(b). The State argues that the "term of probation" which is set at the time of conviction refers only to the length of time set at the time of conviction, here 24 months, but that the starting date of the 24 months may begin at any time, including the date of revocation. According to the State's proposed interpretation, the revoking court would have the discretion to order forfeiture for any period of time up to the maximum term as set at the time of conviction, but no more than that term, although the term would begin only upon revocation. However, the statutory language is simply too specific to support the State's proposed interpretation. A court which revokes a defendant's probation may order a forfeiture of an individual's license pursuant to N.C. Gen. Stat. § 15A-1331A(b)(2) at any time during the individual's probation term, but the specific term of forfeiture cannot exceed the individual's original probation term as set by the "sentencing court" at the time of conviction. Accordingly, it appears that N.C. Gen. Stat. § 15A-1331A does not grant a trial court discretion to extend a defendant's forfeiture of licensing privileges beyond the term of his or her original term of probation as set by the sentencing court at the time of his conviction.

Here, defendant was placed on 24 months probation by the sentencing court, starting on 15 December 2007, and ending on 15 December 2009. Defendant's probation was revoked on 1 April 2009, approximately 8 months before defendant's term of probation was set to expire. The trial court ordered defendant's forfeiture of her license for 24 months from the date of revocation or until 1 April 2011. As this

forfeiture term extends beyond defendant's original probation term as set "at the time of conviction" by the "sentencing court[,]" we hold that this forfeiture term was in error. Accordingly, we reverse the trial court's order as to the term of defendant's forfeiture. If the trial court on remand makes findings that defendant "failed to make reasonable efforts to comply with the conditions of probation[,]" *see* N.C. Gen. Stat. § 15A-1331A(b)(2), and orders forfeiture of defendant's licensing privileges, then the term of forfeiture cannot extend beyond 15 December 2009, the ending date of her original term of probation as set by the sentencing court at the time of her conviction.

In further examination of form AOC-CR-317, we note that it includes a suggestion to the trial court by its *"NOTE: The 'Beginning Date' is the date of the entry of this judgment, and the 'Ending Date' is the date of the end of the full probationary term imposed at the time of conviction."* The State interprets this "NOTE" as meaning that the "Beginning Date" is the date of entry of "this judgment," normally the same date as the revocation of probation; this is correct. The State interprets the "Ending Date" as a date which is calculated by the revoking court (as opposed to the sentencing court) by adding the length of time of the original probationary period, here 24 months, to the "beginning date." Although we do not agree that form AOC-CR-317 means exactly what the State contends, we agree it is one reasonable interpretation of the rather cryptic "NOTE[.]" However, we believe the State's interpretation of the AOC form, and the statute, to be incorrect. We therefore encourage further revision of form AOC-CR-317 to clarify this issue and perhaps avoid future errors based upon misinterpretation of the form.

IV. Conclusion

Accordingly, we reverse the trial court's order of license forfeiture and remand for further findings.

REVERSED AND REMANDED.

Judges ELMORE and JACKSON concur.

Judge JACKSON concurred prior to 31 December 2010.