An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-112

Filed: 15 September 2015

McDowell County, Nos. 11-CRS-51965, 11-CRS-51971-73

STATE OF NORTH CAROLINA

v.

DONALD WESLEY WEATHERS

Appeal by defendant from judgments entered 11 August 2014 by Judge J. Thomas Davis in McDowell County Superior Court. Heard in the Court of Appeals 10 August 2015.

*Roy Cooper, Attorney General, by Deborah M. Greene, Assistant Attorney General, for the State.*

*James W. Carter for defendant-appellant.*

DAVIS, Judge.

Donald Wesley Weathers ("Defendant") appeals from the trial court's judgments revoking his probation and activating his suspended sentences. On appeal, he contends that the trial court lacked the statutory authority to revoke his probation and activate his suspended sentences. After careful review, we vacate the trial court's judgments and remand for further proceedings.

**Factual Background**

On 4 April 2012, Defendant pled guilty to four counts each of felony breaking or entering, felony larceny after breaking or entering, and attempted breaking or entering. All of these offenses were committed on 13 October 2011. The trial court sentenced Defendant to eight consecutive sentences of six to eight months imprisonment, suspended the sentences, and placed Defendant on supervised probation for a period of 48 months.

Defendant's probation officer filed violation reports on 27 November 2012 in all eight cases. The violation reports uniformly alleged that Defendant violated his probation by failing to (1) report for scheduled office visits on two dates; (2) comply with electronic monitoring (based on the allegation that Defendant cut off his electronic monitoring unit on 16 November 2012); and (3) make his whereabouts known to his North Carolina and South Carolina probation officers. The following day, Defendant's probation officer filed an addendum to each report further alleging that Defendant had additionally violated his probation by failing to (1) report for scheduled office visits on five other dates; (2) pay probation supervision fees (having fallen in arrears in the amount of $1,839.50); and (3) attend substance abuse counseling referrals.

On 1 July 2014, Defendant was arrested and served with the violation reports and the addenda thereto. A hearing on the alleged probation violations was held in McDowell County Superior Court on 11 August 2014 before the Honorable J. Thomas

Davis. At the conclusion of the hearing, the trial court revoked Defendant's probation and activated his suspended sentences. In each judgment, the trial court found that Defendant had committed the violations charged in the violation reports and addenda. The trial court concluded that Defendant's probation should be revoked "for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a) . . . ." Defendant gave oral notice of appeal in open court.

## Analysis

Defendant argues on appeal that the trial court lacked the statutory authority to revoke his probation for absconding from supervision because the offenses for which he was sentenced occurred prior to the 1 December 2011 effective date of the Justice Reinvestment Act of 2011 ("JRA"). Defendant additionally contends that the trial court lacked the authority to revoke his probation for violating the condition of his probation that he not commit a new criminal offense because the violation reports and addenda thereto did not actually allege a violation of that condition. We address each of these arguments in turn.

## I. Absconding from Supervision

In *State v. Nolen*, __ N.C. App. __, 743 S.E.2d 729 (2013), we held that a trial court lacks authority under the JRA to revoke probation and activate a sentence on the basis that the defendant absconded from supervision when the offense for which

the defendant was sentenced occurred prior to 1 December 2011. *Id.* at __, 743 S.E.2d at 730. In the present case, Defendant committed each of the underlying offenses giving rise to his probation prior to 1 December 2011. Therefore, the trial court lacked the statutory authority to revoke Defendant's probation and activate his suspended sentences on the basis of his absconding from the supervision of his probation officers.

**II. Commission of New Criminal Offense**

We next address Defendant's argument that because he was not given advance notice of this ground for revocation, the trial court erred in activating his probation on the basis that he had committed a new criminal offense. We agree.

In both *State v. Tindall*, __ N.C. App. __, 742 S.E.2d 272 (2013), and *State v. Kornegay*, __ N.C. App. __, 745 S.E.2d 880 (2013), the defendants' probation was revoked based on their commission of a new criminal offense despite the fact that they failed to receive advance notice that this ground was being asserted as the basis for seeking the revocation of their probation. *See Kornegay*, __ N.C. App. at __, 745 S.E.2d at 883; *Tindall*, __ N.C. App. at __, 742 S.E.2d at 275. In each case, we held that the trial court lacked jurisdiction to revoke the defendant's probation because the violation reports did not expressly allege that the defendants committed criminal offenses that could result in their probation being revoked and, therefore, the defendants were not given adequate notice. *See Kornegay*, __ N.C. App. at __, 745 S.E.2d at 883; *Tindall*, __ N.C. App. at __, 742 S.E.2d at 275.

In the present case, the trial court similarly lacked jurisdiction to revoke Defendant's probation on this basis. Although Defendant's counsel admitted that Defendant had recently been incarcerated in South Carolina due to his commission of another crime, the violation reports did not allege that his probation was subject to possible revocation on this ground or even that Defendant had committed a new offense at all. As a result, at the time of the hearing, Defendant had not been provided with advance notice that his probation could potentially be revoked for the commission of a new offense, and Defendant did not waive his right to receive such notice. *See Kornegay*, __ N.C. App. at __, 745 S.E.2d at 883 ("To establish jurisdiction over specific allegations in a probation revocation hearing, the defendant either must waive notice or be given proper notice of the revocation hearing, including the specific grounds on which his probation might be revoked."). Therefore, the trial court erred in revoking his probation on this ground.

## Conclusion

For the reasons stated above, we vacate the trial court's judgments revoking Defendant's probation and activating his sentences and remand for further proceedings.

VACATED AND REMANDED.

Judges STROUD and INMAN concur.

Report per Rule 30(e).