STATE OF NORTH CAROLINA
v.
HOLLY DAWN TINDALL

No. COA12-1145

Filed 7 May 2013

**Probation and Parole—revocation—notice—insufficient**
    The trial court improperly revoked defendant's probation where defendant received notice that she had violated the conditions of her probation by using illegal drugs and failing to comply with treatment requirements but was not notified that her probation could be revoked when she appeared at the hearing.

Appeal by defendant from judgments entered 12 March 2012 by Judge James M. Webb in Moore County Superior Court. Heard in

*Attorney General Roy Cooper, by Assistant Attorney General Jason P. Burton, for the State.*

*Don Willey, for defendant-appellant.*

CALABRIA, Judge.

Holly Dawn Tindall ("defendant") appeals from judgments entered upon revocation of her probation. We reverse and remand.

On 21 November 2011, defendant pled guilty to forgery of an instrument, uttering a forged instrument, obtaining property by false pretenses, obtaining controlled substance ("CS") by fraud, financial transaction card theft, three counts of financial transaction card fraud, and three counts of larceny. The court found, and defendant admitted to, an aggravating factor, namely that defendant committed the offenses while on pretrial release from another charge. The trial court sentenced defendant to a minimum of eight and a maximum of ten months for one count of larceny. Defendant was placed on supervised probation for sixty months. The trial court consolidated defendant's sentences for obtaining CS by fraud, three counts of financial card fraud, financial card theft, forgery of an instrument, uttering a forged instrument and two counts of larceny. Defendant was sentenced to a minimum of eight and a maximum of ten months. For obtaining property by false pretenses, defendant was sentenced to a minimum of eight and a maximum of ten months. Defendant was ordered to comply with the conditions set forth in the previous sentence. All sentences were suspended, were to run consecutively and were to be served in the North Carolina Department of Correction. One of the conditions of defendant's probation was that she was to comply with a substance abuse program at a facility called Crystal Lake.

Defendant was admitted to the Crystal Lake treatment facility on 28 January 2012. Defendant's probation officer ("PO") was contacted in February, after defendant was caught "partying" with other residents. Defendant admitted to snorting ten lines of cocaine. At the time defendant was arrested, the PO found a diet pill on defendant's person. On 23 February 2012, the PO filed violation reports indicating that defendant had violated her probation by using illegal drugs because she "admitted to using 10 lines of cocaine while at Cosa Works treatment center on 19 February 2012" and by failing to "complete Crystal Lakes treatment program" as ordered.

At the probation revocation hearing in Moore County Superior Court, defendant's PO testified that defendant had been "arrested." The trial court found that defendant "did unlawfully willfully without legal justification violate[] the terms and conditions of her probation as alleged in the violation report, and the [c]ourt specifically [found] that she [] committed a subsequent offense while on probation." The trial court then activated defendant's suspended sentences, with modifications. The trial court sentenced defendant to three consecutive sentences of a

minimum of six and a maximum of eight months in the North Carolina Division of Adult Correction. Defendant appeals.

Defendant contends that the trial court lacked jurisdiction to enter judgments revoking defendant's probation on the basis of a probation violation that was not alleged in the violation report and of which she was not given notice. We agree.

Pursuant to statute, "probation may be reduced, terminated, continued, extended, modified, or revoked...." N.C. Gen. Stat. § 15A-1344(a) (2011). The Justice Reinvestment Act of 2011 ("the Act") amended the statutes governing probation revocation. *See State v. Jones*, __ N.C. App. __, __, 736 S.E.2d 634, 637 (2013). The Act amended subsection (a) of N.C. Gen. Stat. § 15A-1344 by adding the following provision: "[t]he court may only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1)" or N.C. Gen. Stat. § 15A-1343(b) (3a), except as provided in N.C. Gen. Stat. § 15A-1344(d2). *Id.* N.C. Gen. Stat. § 15A-1343(b)(1) imposes a "commit no criminal offense" condition and N.C. Gen. Stat. § 15A-1343(b)(3a) provides that a probationer cannot "abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation ,officer." N.C. Gen. Stat. § 15A-1343(b)(1); (3a) (2011). In addition, the Act added a subsection entitled "Confinement in Response to Violation" ("CRV") which provides that the court may revoke probation for violations other than N.C. Gen. Stat. § 15A-1343(b)(1) or N.C. Gen. Stat. § 15A-1343(b)(3a), only if the probationer has already served two periods of confinement in response to a violation under this subsection. N.C. Gen. Stat. § 15A-1344(d2) (2011); *Jones*, __ N.C. App. at __, 736 S.E.2d at 637. "Accordingly, under these revised provisions, the trial court 'may *only* revoke probation if the defendant commits a criminal offense or absconds[,]' and may 'impose a ninety-day period of confinement for a probation violation other than committing a criminal offense or absconding.' " *Jones*, __ N.C. App. at __, 736 S.E.2d at 637.

Prior to revocation of probation, the court must hold a hearing, "unless the probationer waives the hearing...." N.C. Gen. Stat. § 15A–1345(e) (2011). "The State must give the probationer notice of the [probation revocation] hearing and its purpose, including a statement of the violations alleged." *Id.* "The notice, unless waived by the probationer, must be given at least 24 hours before the hearing." *Id.* "The purpose of the notice mandated by this section is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act." *State v. Hubbard*, 198 N.C. App. 154, 158, 678 S.E.2d 390, 393 (2009).

This Court has reversed revocation of a defendant's probation when the revocation was based, in part, on a violation for which defendant had no notice. *State v. Cunningham*, 63 N.C. App. 470, 475, 305 S.E.2d 193, 196-97 (1983). In *Cunningham*, the violation reports alleged that the defendant played loud music which disturbed his neighbors and removed their personal property, but "the State sought to prove additional conduct ... that defendant trespassed upon and damaged real and personal property...." *Id.* at 475, 305 S.E.2d at 196. Since the defendant did not receive notice of the additional conduct alleging a violation based on trespass and damage to property, the Court held that the trial court erred by revoking the defendant's suspended sentence based on alleged violations that were not included in the violation report. *Id.* at 475, 305 S.E.2d at 196-97.

In contrast, this Court has found that a defendant received sufficient notice when the violation report alleged the behavior that was the basis of the revocation, even if the violation report alleged that the probationer violated a different condition of probation. *Hubbard*, 198 N.C. App. at 159, 678 S.E.2d at 394. In *Hubbard*, the violation report alleged that the defendant "failed to report in a reasonable manner to his probation officer during a curfew check" which constituted a violation of Regular Condition number six that the defendant "failed to 'report as directed by the [c]ourt or the probation officer to the officer....'" *Id.* at 158, 678 S.E.2d at 394. The trial court interpreted the language as a violation of Special Condition number four, that the "[d]efendant 'failed to ... submit to supervision by officers of the intensive probation program and comply with the rules adopted by that program....' " *Id.* The specific facts that constituted the violation indicated that the defendant was "so drunk that he could hardly walk" when the probation officer checked his curfew, the probation officer left and returned later to find that despite his instructions, defendant "was still drinking and raising cain [sic]." *Id.* at 159, 678 S.E.2d at 394. The Court found that "the evidence at the revocation hearing established these same facts[,]" that the defendant "received notice of the specific behavior [the] [d]efendant was alleged and found to have committed in violation of [the] [d]efendant's probation" and thus the defendant received "sufficient notice of the alleged violation." *Id.*

In the instant case, the violation reports alleged that defendant violated two conditions of her probation: to "[n]ot use, possess or control any illegal drug" and to "participate in further evaluation, counseling, treatment or education programs recommended ... and comply with all further therapeutic requirements...." The specific facts upon which the

State relied were that "defendant admitted to using 10 lines of cocaine while at Cosa Works Treatment Center on 2/19/2012" and that defendant failed to comply with treatment as ordered. In the judgments, the trial court found that defendant violated the conditions alleged in the violation reports and that defendant's probation was revoked "for the willful violation of the condition(s) that he/she not commit any criminal offense ... or abscond from supervision ...."

Defendant contends that *Cunningham* controls because the violation reports alleged that defendant violated her probation by using illegal drugs and failing to comply with treatment requirements, but her probation was revoked because she committed a criminal offense. Therefore, according to *Cunningham*, her judgments must be reversed. According to the reasoning in *Hubbard*, cited by the State, defendant had notice of conduct that potentially supported the revocation of her probation: use of illegal drugs. However, since *Hubbard* was decided prior to the Justice Reinvestment Act, we hold that it does not control in the instant case.

Here, although defendant received notice that she violated conditions of her probation, by using illegal drugs and failing to comply with treatment requirements, such violations do not support a revocation of her probation. *See Jones*, __ N.C. App. at ___, 736 S.E.2d at 637. At the hearing, defendant's PO testified that defendant was "arrested" but did not allege in the violation report that she violated her probation by committing a criminal offense. Based upon the PO's report and testimony, the trial court determined that defendant had committed a criminal offense and revoked her probation. However, defendant did not have notice that her probation could potentially be revoked when she appeared at the hearing. Defendant should have either received notice that the alleged violation was the type of violation that could potentially result in a revocation of her probation or had the opportunity to waive notice prior to having her probation revoked. Since the violation reports did not allege that defendant had committed a criminal act, absconded, or had two prior Confinements in Response to Violations, she had no notice and did not waive the notice. Therefore, the trial court improperly revoked her probation. We reverse and remand.

Reversed and Remanded.

Judges ERVIN and DILLON concur.