**STATE v. KORNEGAY**

[228 N.C. App. 320 (2013)]

STATE OF NORTH CAROLINA
v.
IBN RAHSHAAN KORNEGAY, Defendant

No. COA13-52

Filed 16 July 2013

**Probation and Parole—revocation—jurisdiction—notice**

 A trial court order revoking defendant's probation and activating his sentence was vacated and remanded where the trial court lacked jurisdiction because defendant did not receive proper notice that his probation might be terminated. This case was indistinguishable from *State v. Tindall* (COA 12-1145, 2013). The trial revoked defendant's probation for committing a subsequent offense, but the violation report alleged only violation of drug and firearms conditions and did not allege a criminal offense.

 Appeal by defendant from judgments entered on or about 27 August 2012 by Judge Wayland J. Sermons, Jr. in Superior Court, Pitt County. Heard in the Court of Appeals 6 June 2013.

*Attorney General Roy A. Cooper, III by Assistant Attorney General Lora C. Cubbage, for the State.*

*Michelle FormyDuval Lynch, for defendant-appellant.*

STROUD, Judge.

 Ibn Rahshaan Kornegay ("defendant") appeals from a judgment revoking his probation and activating his sentence. We vacate the judgment of the trial court for lack of jurisdiction and remand.

I. Background

 On 17 August 2009, defendant pled guilty to two felony counts of possession with intent to sell and deliver cocaine. As part of a plea agreement, he was placed on supervised probation for thirty months. His probationary term was to run at the expiration of his sentence in a prior case.[1]

---

1. Neither that prior judgment nor anything indicating when he might have completed his sentence on the prior conviction was included in the record. Based on the violation reports, it appears that defendant's probation may have been extended at one point, but there is no order in the record doing so.

On 6 July 2012, defendant consented to a warrantless search of his home by a probation officer, Officer Johnson. During this search, Officer Johnson found a loaded revolver, a large knife with a brass-knuckle hilt, what he believed to be drugs, and a scale. Defendant's identification card and clothes were in the same bedroom where Officer Johnson found the revolver and knife.

Subsequently, the State brought charges against defendant for possession of this contraband, filed two probation violation reports, and requested that the court revoke his probation. The new charges were (1) possession with intent to sell and deliver marijuana and (2) possession of a firearm by a felon. The violation reports alleged that defendant broke three conditions of his probation: (1) that he "not be in possession of any drug paraphernalia" (original in all caps), (2) that he "[p]ossess no firearm ... or other deadly weapon," and (3) that he "[n]ot use, possess or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it. . . ."

At the probation revocation hearing in Pitt County Superior Court, Officer Johnson testified about the contraband that he found within defendant's home. Defendant did not offer any evidence at the hearing. At the time of the probation hearing, defendant had not been convicted of any of the new charges. Based on Officer Johnson's testimony, the trial court found that defendant "committed a subsequent criminal offense," revoked defendant's probation, and activated his sentences in the underlying felonies. Defendant objected to this finding in court and gave oral notice of appeal.

## II. Trial Court Jurisdiction

Defendant has not raised the issue of jurisdiction in this case. Nevertheless, "subject matter jurisdiction may not be waived, and this Court has not only the power, but the duty to address the trial court's subject matter jurisdiction on its own motion or *ex mero motu.*" *Obo v. Steven B.*, 201 N.C. App. 532, 537, 687 S.E.2d 496, 500 (2009) (citation omitted).

"A court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute." *State v. Hicks*, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001).

> Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond

these limits is in excess of its jurisdiction. If the court was without authority, its judgment is void and of no effect.

*State v. Gorman*, ___ N.C. App. ___, ___, 727 S.E.2d 731, 733 (2012) (citations, quotation marks, and ellipses omitted).

Recently, this Court held that where a probationer does not receive notice that the State intends to prove that she violated a condition of probation that could result in the revocation of probation, the trial court does not have jurisdiction to find a violation of that condition. *State v. Tindall*, ___ N.C. App. ___, ___, 742 S.E.2d 272, 275, (2013).

In *Tindall*, the probationer, Ms. Tindall, was receiving treatment at a substance abuse facility as required by a plea agreement. *Id.* at ___, 272 S.E.2d at 273. However, Ms. Tindall was "caught partying" with other residents of the facility. *Id.* (quotation marks omitted). When speaking with her probation officer about the incident, Ms. Tindall admitted to snorting cocaine. *Id.* at ___, 742 S.E.2d at 273-74. In response, the State filed violation reports alleging that she broke two conditions of her probation: (1) that she "[n]ot use, possess or control any illegal drug" and (2) that she "participate in further evaluation, counseling, treatment or education programs . . . and comply with all further therapeutic requirements. . . ." *Id.* at ___, 742 S.E.2d at 275. It did not allege that she violated the condition that she commit no criminal offense. *See id.*

At Ms. Tindall's probation revocation hearing, the trial court reviewed the evidence and ruled that she "did unlawfully willfully without legal justification violate[] the terms and conditions of her probation as alleged in the violation reports, and . . . that she [] *committed a subsequent offense* while on probation." *Id.* at ___, 742 S.E.2d at 274. (emphasis added). The trial court revoked her probation and activated her sentence. *Id.*

We noted that:

> Prior to revocation of probation, the court must hold a hearing, "unless the probationer waives the hearing. . . ." N.C. Gen. Stat. § 15A–1345(e) (2011). The State must give the probationer notice of the [probation revocation] hearing and its purpose, including a statement of the violations alleged." *Id.* "The notice, unless waived by the probationer, must be given at least 24 hours before the hearing." *Id.* The purpose of the notice mandated by this section is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act.

*Id.* at ___, 742 S.E.2d at 274 (citation and quotation marks omitted). Because Ms. Tindall did not receive notice of a violation of the "commit no criminal offense" condition and she did not waive notice, we concluded that the trial court did not have jurisdiction to consider that violation and "improperly revoked her probation." *Id.* at ___, 742 S.E.2d at 275.

This holding is significant because under the Justice Reinvestment Act of 2011 it is no longer true that "[any] violation of a valid condition of probation is sufficient to revoke defendant's probation." *State v. Crowder*, 208 N.C. App. 723, 726, 704 S.E.2d 13, 15 (2010) (citation and quotation marks omitted). Under the Justice Reinvestment Act, only when a probationer "[c]ommit[s] [a] criminal offense" or "abscond[s] by willfully avoiding supervision" is his probation subject to revocation, unless he has been subject to two prior periods of "Confinement in Response to Violation". *See* N.C. Gen. Stat. § 15A-1344(a) ("The court may *only* revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S. § 15A-1343(b)(3a), except as provided in G.S. 15A-1344(d2).") (emphasis added); N.C. Gen. Stat. § 15A-1344(d2). A trial court may not otherwise revoke probation simply for a violation of the general requirement that a probationer "[n]ot use, possess, or control any illegal drug. . . ." N.C. Gen. Stat. § 15A-1343(b) (15) (2011); *see* N.C. Gen. Stat. § 15A-1344(a). Thus, although the same conduct could fall under both N.C. Gen. Stat. § 15A-1344(b)(1) and (b)(15), the potential consequences for violating each condition are quite different. Under *Tindall*, which violation is alleged dictates whether the trial court has the jurisdiction to revoke a defendant's probation or not.

The present case is indistinguishable from *Tindall*. We are bound by it and apply it here. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36–37 (1989). Here, the State did not allege that defendant "[c]ommit[ted] [a] criminal offense" in its violation reports. Instead, it alleged that that defendant had (1) been "in possession of [] drug paraphernalia" (original in all caps), (2) "[p]ossess[ed] [a] firearm. . . or other deadly weapon," and (3) "use[d], possess[ed] or control[ed] [an] illegal drug or controlled substance. . . ." Defendant did not receive proper notice that his probation might be terminated for violating § 1343(b)(1). Yet, the trial court revoked defendant's probation because he "committed a subsequent criminal offense."

As in *Tindall*, we conclude that the trial court lacked jurisdiction to revoke defendant's probation. "When the record shows a lack of jurisdiction in the lower court, the appropriate action on the part of the appellate court is to arrest judgment or vacate any order entered without authority." *State v. Petersilie*, 334 N.C. 169, 175, 432 S.E.2d 832,

836 (1993) (citation and quotation marks omitted). Thus, we vacate the trial court's order revoking defendant's probation and activating his sentence. We remand for further proceedings as appropriate.

### III. Conclusion

In order to revoke a defendant's probation, a court must have jurisdiction to do so. To establish jurisdiction over specific allegations in a probation revocation hearing, the defendant either must waive notice or be given proper notice of the revocation hearing, including the specific grounds on which his probation might be revoked. Here, defendant did not waive notice, and the trial court revoked defendant's probation for violation of a condition not included in the State's violation reports. Therefore, it did not have jurisdiction to revoke defendant's probation and activate his sentence. Accordingly, we vacate the trial court's order revoking defendant's probation and activating his sentence and remand.

VACATED and REMANDED.

Judges CALABRIA and DAVIS concur.