NO. COA13-775

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

        v.                           Sampson County
                                     No.  13CRS54
TRAVIS ANTONIO LEE,
     Defendant.


    Appeal by defendant from Judgment entered on or about 2 April

2013 by Judge W. Douglas Parsons in Superior Court, Sampson County.

Heard in the Court of Appeals 19 November 2013.


        *Attorney General Roy A. Cooper, III by Assistant Attorney
        General Andrew O. Furuseth, for the State.*

        *Yoder Law PLLC by Jason Christopher Yoder, for defendant-
        appellant.*


        STROUD, Judge.


    Travis Lee ("defendant") appeals from the judgment entered on

or about 2 April 2013 revoking his probation and activating his

sentence. We remand for correction of the clerical errors in the

judgment.

## I.   Background

    In June 2012, defendant was indicted in Harnett County for

obtaining property by false pretenses, felony larceny of a motor

vehicle, and felony possession of a stolen motor vehicle. On 24

September 2012, defendant pled guilty to larceny of a motor vehicle and was sentenced to 10-12 months imprisonment, suspended for 24 months of supervised probation. On 17 January 2013, defendant's probation officer filed a violation report in Sampson County alleging that defendant had violated four conditions of his probation: (1) that he report as directed to the supervising officer, (2) that he pay all fees owed, (3) that he participate in substance abuse treatment through TASC, and (4) that he commit no criminal offense. On 2 April 2013, the superior court in Sampson County found that defendant had violated his probation as alleged in paragraphs one through four of the violation report, revoked his probation, and sentenced him to 8-10 months imprisonment. Defendant filed written notice of appeal to this Court on 12 April 2013.

## II.  Subject Matter Jurisdiction

On appeal, defendant contends that the trial court lacked jurisdiction because Sampson County was not in a judicial district which had jurisdiction over his probation and because he received inadequate notice of the State's allegations against him. We disagree.

A.  Correct County

Defendant argues for the first time on appeal that the trial court lacked jurisdiction to revoke his probation because Sampson County was not in the judicial district where probation was imposed, Judicial District 11A, there was no evidence he lived in Sampson County, Judicial District 4A, and there was no evidence that any of his alleged violations took place in Sampson County.

Under N.C. Gen. Stat. § 15A-1344(a) (2011),

> probation may be reduced, terminated, continued, extended, modified, or revoked by any judge entitled to sit in the court which imposed probation and who is resident or presiding in the district court district as defined in G.S. 7A-133 or superior court district or set of districts as defined in G.S. 7A-41.1, as the case may be, where the sentence of probation was imposed, where the probationer violates probation, or where the probationer resides.

Defendant fails to note that both his affidavit of indigency and the violation report filed by his probation officer list his residence as one on County Manor Lane in Dunn, North Carolina. The State contends that this address is situated in Sampson County. Defendant does not argue on appeal—and did not argue to the trial court—that this address is not actually in Sampson County, nor that he did not live at that address at the relevant time. Therefore, we deem such arguments abandoned. N.C.R. App. P. 28(a). Accordingly, we conclude that the trial court had jurisdiction

over defendant's probation under N.C. Gen. Stat. § 15A-1344(a) because he was residing in Sampson County, part of Judicial District 4A.

B.   Notice

Defendant next argues that the trial court lacked jurisdiction because he had inadequate notice that the State intended to revoke his probation on the basis of a new criminal offense. He contends that "[b]ecause the violation report alleged only criminal charges, and not convictions, it cannot be the sole basis for revoking probation."

Under the Justice Reinvestment Act, a defendant's probation is subject to revocation if he violates the normal condition of probation that he "[c]ommit no criminal offense in any jurisdiction." N.C. Gen. Stat. § 15A-1343(b)(1) (2011); N.C. Gen. Stat. § 15A-1344(a) (2011). A conviction by jury trial or guilty plea is one way for the State to prove that a defendant committed a new criminal offense. *See State v. Guffey*, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960) ("[W]hen a criminal charge is pending in a court of competent jurisdiction, which charge is the sole basis for activating a previously suspended sentence, such sentence should not be activated *unless there is a conviction on the pending charge or there is a plea of guilty entered thereto*." (emphasis

added)). The State may also introduce evidence from which the trial court can independently find that the defendant committed a new offense. *See, e.g.*, *State v. Monroe*, 83 N.C. App. 143, 145-46, 349 S.E.2d 315, 317 (1986), *State v. Debnam*, 23 N.C. App. 478, 480-81, 209 S.E.2d 409, 410-11 (1974).

The State is required to give defendant notice "of the [probation] hearing and its purpose, including a statement of the violations alleged." N.C. Gen. Stat. § 15A-1345(e)(2011). Thus, the relevant piece of information is the violation alleged, not the manner of proving the violation. "The purpose of the notice mandated by this section is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act." *State v. Hubbard*, 198 N.C. App. 154, 158, 678 S.E.2d 290, 293 (2009).

Here, the violation report specifically alleged that defendant violated the condition of probation that he commit no criminal offense in that he had several new pending charges which were specifically identified, including that "on 12/18/12 the defendant was charged with possession of firearm by felon in 12CR057780 and possess marijuana up to 1/2 oz in 12 CR 057779 in Johnston County." The violation report went on to state that "If

the defendant is convicted of any of the charges it will be a violation of his current probation."

Defendant is correct that charges alone are insufficient to show that he committed a new criminal offense. *See Guffey*, 253 N.C. at 45, 116 S.E.2d at 150. Nevertheless, the issue here is notice—i.e., whether the information provided was sufficient "to allow the defendant to prepare a defense and to protect the defendant from a second probation hearing for the same act." *Hubbard*, 198 N.C. App. at 158, 678 S.E.2d at 293. Additionally, because of the changes effected by the Justice Reinvestment Act, we have required that defendants be given notice of the particular revocation-eligible violation alleged by the State. *See, e.g.*, *State v. Tindall*, ___ N.C. App. ___, ___, 742 S.E.2d 272, 275 (2013) (holding that defendant received insufficient notice because "defendant did not have notice that her probation could potentially be revoked when she appeared at the hearing."), *State v. Kornegay*, ___ N.C. App. ___, ___, 745 S.E.2d 880, 883 (2013) ("Under *Tindall*, which violation is alleged dictates whether the trial court has the jurisdiction to revoke a defendant's probation or not." (emphasis added)).

Unlike *Tindall* and *Kornegay*, the violation report here put defendant on notice that the State was alleging a revocation-

eligible violation, namely that he committed a new criminal offense. The probation officer specifically alleged in the violation report that defendant had violated the condition that he not commit any criminal offense. The violation report identified the criminal offense on which the trial court relied to revoke defendant's probation—possession of a firearm by a felon—and the specific county and case file number of that alleged offense. Given such notice, defendant was aware that the State was alleging a revocation-eligible violation and he was aware of the exact violation upon which the State relied. Defendant could have denied the violation and presented evidence in his own defense had he chosen to do so. Therefore, we conclude that the trial court had jurisdiction to revoke defendant's probation for violation of the "commit no criminal offense" condition.[1]

## III. Findings of Fact

Defendant next argues that the trial court made inadequate findings to support its judgment revoking his probation. We agree that the trial court's written judgment is missing several key findings, including findings that, "[u]pon due notice or waiver of notice," defendant admitted the violations and that that defendant

---

[1] Because we conclude that the notice provided was adequate we do not address the issue of waiver.

had violated the condition that he not commit a new criminal offense. We conclude that these omissions are clerical errors and remand for entry of a corrected judgment.

The form which was used here, "Judgment and Commitment Upon Revocation of Probation—Felony," AOC Form CR-607 Rev. 12-12, includes five potential findings of fact with various optional subsections. Finding 1 addresses the particular probation violations alleged against the defendant. Finding 2 addresses "due notice," waiver of notice, and hearing. Finding 3 addresses the specific conditions which the court finds that defendant has violated. Finding 4 addresses the willfulness and timing of violations, and does not require that a box be "checked," unless the subsection is applicable (and here it was not marked, nor should it have been). Finding 5 includes the direction: "NOTE TO COURT: *This finding is required when revoking probation for violations occurring on or after December 1, 2011*" (emphasis in original), gives the Court two optional findings, and at least one of these is necessary to revoke probation.

Here, the trial court made only two findings: No. 3(a), which was "checked" and Finding 4, which does not require any additional notation. The *only* optional finding on Form AOC-CR-607 that the trial court checked was 3(a), where it found that "The condition(s)

violated and the facts of each violation are as set forth" in paragraphs 1-4 of the violation report. By failing to check the right boxes, the trial court failed to incorporate the violation reports by reference (Finding 1(a)), made no finding that defendant admitted the violations (Finding 2), and failed to find a willful violation of one of the revocation-eligible conditions under the Justice Reinvestment Act (Finding 5). Finding 5 is particularly important here because only one of the four alleged violations was revocation-eligible. *See State v. Jones*, ___ N.C. App. ___, ___, 736 S.E.2d 634, 637-38 (2013) (concluding that "the trial court should have checked the box finding that it had the authority to revoke defendant's probation under the Justice Reinvestment Act 'for the willful violation of the condition(s) that he/she not commit any criminal offense, G.S. 15A-1343 (b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a), as set out above.'").

But in this case, the record clearly supports the grounds, reasoning, and authority for the trial court's order of revocation of probation, so any error in failing to check a box on the revocation form is clerical only. *See id. at* ___, 736 S.E.2d at 637-38 (concluding that the trial court made a clerical error when it failed to check the right boxes on the AOC form to revoke probation). Defendant admitted the alleged violations through

counsel, including that he had been convicted of a new criminal offense on 18 December 2012. The trial court found from the bench that defendant had admitted the violations. Nevertheless, the order must document the findings necessary to the trial court's decision to revoke defendant's probation. *See* N.C. Gen. Stat. § 15A-1345(e) (2011) ("Before revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings."); *State v. Williamson*, 61 N.C. App. 531, 534, 301 S.E.2d 423, 425 (1983) (noting that due process requires "a written judgment by the judge which shall contain (a) findings of fact as to the evidence relied on, [and] (b) reasons for revoking probation."). The failure to check the appropriate boxes constitutes a clerical error. *Jones*, ___ N.C. App. at ___, 736 S.E. 2d at 637-38. Therefore, we remand for correction of the clerical errors.

## IV. Conclusion

Although we conclude from the current record that the trial court had subject matter jurisdiction to adjudicate defendant's alleged probation violations, due to the failure to "check the boxes" on the order, the trial court's written findings are

inadequate to support its decision to revoke defendant's probation. Therefore, we remand for the trial court to correct the clerical errors in the judgment.

REMANDED.

Judges MCGEE and BRYANT concur.