ELMORE, Judge.
 

 *744
 
 Brian Hancock (defendant) appeals from the judgment and commitment entered upon revocation of his probation. Because the evidence and the trial court's findings support revocation based on defendant's violation of the regular condition of probation in N.C. Gen.Stat. § 15A-1343(b)(1), we affirm.
 

 I. Background
 

 On 12 September 2012, defendant pleaded guilty to possession with intent to sell or deliver (PWISD) cocaine, an offense he committed on
 
 *745
 
 18 January 2011, prior to the 1 December 2011 effective date of the Justice Reinvestment Act of 2011(JRA).
 
 See
 
 N.C. Sess. Laws 2011-192, §§ 1, 4 (June 23, 2011);
 
 see also
 
 N.C. Sess. Laws 2011412, § 2.5 (Oct. 15, 2011) (amending effective date in N.C. Sess. Laws 2011-192, § 4(d)). The trial court suspended defendant's sentence of fifteen to eighteen months' imprisonment and placed defendant on supervised probation for sixty months.
 

 On 8 February 2013, a probation officer filed a violation report, alleging that defendant had willfully violated the conditions of his probation as follows:
 

 1. Condition of Probation "Not use, possess or control any illegal drug or controlled substance ..." in that
 

 ON 02/07/2013, DURING A WARRANTLESS SEARCH OF [DEFENDANT'S] RESIDENCE, THREE ROCKS OF COCAINE, A SMALL AMOUNT OF MARIJUANA AND DRUG PARAPHERNALIA WERE FOUND.
 

 A subsequent violation report, filed 27 March 2013,
 
 [1]
 
 charged defendant with eleven willful violations, including the following:
 

 10. Condition of Probation "Commit no criminal offense in any jurisdiction" in that
 

 THE DEFENDANT WAS CHARGED ON 02/07/2013 IN UNION COUNTY ON CASE 13CR 050542 FOR THE MISDEMEANOR POSSESSION OF DRUG PARAPHERNALIA AND OF POSSESSION OF MARIJUANA OF UP TO 1/2 OZ....
 

 11. Condition of Probation "Commit no criminal offense in any jurisdiction" in that
 
 *524
 
 ON 02/07/2013 IN UNION COUNTY THE DEFENDANT WAS CHARGED ON 13CR 050542 WITH PWISD COCAINE....
 

 *746
 
 The trial court held a violation hearing on 7 August 2015. The probation officer who filed the 8 February 2013 and 27 March 2013 violation reports retired prior to the hearing and did not attend. Defendant's then-current probation officer read each report's allegations into the record. The officer further testified that defendant had failed to report to him or contact the probation office at any time since defendant had been assigned to the officer's caseload. Counsel for defendant cross-examined the officer but offered no evidence. After hearing from the parties, the trial court revoked defendant's probation and activated his suspended sentence. Defendant appeals.
 

 II. Analysis
 

 On appeal, defendant claims the trial court abused its discretion by revoking his probation without a legal basis. The State concedes the error and asks this Court to remand to the trial court for entry of an appropriate sanction short of revocation pursuant to our holding in
 
 State v. Nolen,
 

 228 N.C.App. 203
 
 , 206,
 
 743 S.E.2d 729
 
 , 731 (2013). "This Court, however, is not bound by the State's concession. The general rule is that stipulations as to the law are of no validity."
 
 State v. Phifer,
 

 297 N.C. 216
 
 , 226,
 
 254 S.E.2d 586
 
 , 591 (1979) (citations omitted). Rather, it is the role of the reviewing court to determine whether "a particular legal conclusion follows from a given state of facts[.]"
 

 Id.
 

 (citations omitted). Therefore, notwithstanding the State's concession, we must review the record to determine whether the parties correctly ascribe error to the trial court.
 

 The following principles govern our review of a judgment revoking probation:
 

 [A] proceeding to revoke probation is not a criminal prosecution and is often regarded as informal or summary. Thus, the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. Instead, all that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation. Accordingly, the decision of the trial court is reviewed for abuse of discretion.
 

 State v. Murchison,
 

 367 N.C. 461
 
 , 464,
 
 758 S.E.2d 356
 
 , 358 (2014) (citations, quotation marks, and alterations omitted). A trial court abuses its discretion if its decision is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 

 *747
 

 State v. Maness,
 

 363 N.C. 261
 
 , 279,
 
 677 S.E.2d 796
 
 , 808 (2009). Moreover, erroneous findings may be disregarded as harmless if the trial court's decision to revoke probation is supported by at least one properly-found violation.
 
 See
 

 State v. Belcher,
 

 173 N.C.App. 620
 
 , 625,
 
 619 S.E.2d 567
 
 , 570 (2005).
 

 As the parties observe, this case is governed by the JRA, to wit:
 

 [F]or probation violations occurring on or after 1 December 2011, the JRA limited trial courts' authority to revoke probation to those circumstances in which the probationer: (1) commits a new crime in violation of N.C. Gen.Stat. § 15A-1343(b)(1) ; (2) absconds supervision in violation of N.C. Gen.Stat. § 15A-1343(b)(3a) ; or (3) violates any condition of probation after serving two prior periods of [confinement in response to violation (CRV) ] under N.C. Gen.Stat. § 15A-1344(d2).
 

 Nolen,
 

 228 N.C.App. at 205
 
 ,
 
 743 S.E.2d at
 
 730 (citing N.C. Gen.Stat. § 15A-1344(a) ).
 

 Here, because defendant committed his underlying offense prior to 1 December 2011, he was not subject to the JRA's "absconding" condition of probation enacted in N.C. Gen.Stat. § 15A-1343(b)(3a).
 
 Id.
 
 at 206,
 
 743 S.E.2d at
 
 731 ;
 
 see also
 

 State v. Hunnicutt,
 

 226 N.C.App. 348
 
 , 354-55,
 
 740 S.E.2d 906
 
 , 911 (2013) (noting that the JRA initially made this provision "effective for probation
 
 violations
 
 occurring on or after 1 December 2011 [,]" but the "effective date clause was later amended, however, to make the new absconding condition applicable only to
 
 offenses
 
 committed on or after 1 December 2011") (emphasis added). The record on
 
 *525
 
 appeal further shows that defendant has served no prior CRVs under N.C. Gen.Stat. § 15A-1344(d2). Therefore, the trial court was authorized to revoke defendant's probation only upon a finding that he committed a new criminal offense in violation of N.C. Gen.Stat. § 15A-1343(b)(1).
 

 In announcing its ruling in open court, the trial court stated that "the revocation is based on absconding," and it explicitly found certain violations alleged in the report filed 27 March 2013 as follows:
 

 I am reasonably satisfied in my discretion that this probationer has willfully and without lawful excuse violated the terms and conditions of his probationary sentence by testing positive for cocaine and marijuana, by failing to complete any of his community service, by failing to report to his probation officers as directed. That as of March 11,
 
 *748
 
 2013, the defendant had willfully avoided supervision and was therefore an absconder; that again as of March 26th, 2013, the defendant had willfully avoided supervision as of that date and was an absconder. That he has failed to obtain his substance abuse assessment, that he has otherwise failed to report as directed....
 

 These findings correspond to paragraphs one, two, three, eight, and nine in the 27 March 2013 report.
 

 In its written judgment, however, the trial court found additional violations not included in its oral findings. Specifically, the court found that defendant willfully violated his probation as alleged in the report filed 8 February 2013 and as alleged in paragraphs ten and eleven of the report filed 27 March 2013.
 
 [2]
 
 The written judgment includes an additional finding that each violation found by the court was, "in and of itself, a sufficient basis upon which [the court] should revoke probation and activate the suspended sentence." Moreover, it includes a finding that the court was authorized to "revoke defendant's probation ... for the willful violation of the condition(s) that he[ ] not commit any criminal offense, G.S. 15A-1343(b)(1), or abscond from supervision, G.S. 15A-1343(b)(3a), as set out above."
 

 As previously stated, because defendant was a pre-JRA probationer he was not subject to the "absconding" condition in N.C. Gen.Stat. § 15A-1343(b)(3a). Insofar as the trial court purported to revoke defendant's probation on this basis, its ruling was in error. However, "a trial court's ruling must be upheld if it is correct upon any theory of law[,] and thus it should not be set aside merely because the court gives a wrong or insufficient reason for [it]."
 
 Opsahl v. Pinehurst Inc.,
 

 81 N.C.App. 56
 
 , 63,
 
 344 S.E.2d 68
 
 , 73 (1986) (citation and internal quotation marks omitted).
 

 Here, the court made findings in its written judgment that support its decision to revoke defendant's probation. In this circumstance, the written judgment is controlling.
 
 See
 

 State v. Kerrin,
 

 209 N.C.App. 72
 
 , 75,
 
 703 S.E.2d 816
 
 , 818 (2011) (concluding that "the trial court was not required to announce all of the findings and details of its judgment in open court");
 
 State v. Williamson,
 

 61 N.C.App. 531
 
 , 533-34,
 
 301 S.E.2d 423
 
 , 425 (1983) ( "The minimum requirements of due process in a final probation revocation hearing" require "a written judgment by the judge
 
 *749
 
 which shall contain (a) findings of fact as to the evidence relied on, [and] (b) reasons for revoking probation.").
 

 Of the several violations found by the trial court, defendant was subject to revocation only for committing a new crime in violation of N.C. Gen.Stat. § 15A-1343(b)(1). The court found that defendant violated N.C. Gen.Stat. § 15A-1343(b)(1) as alleged in paragraphs ten and eleven of the 27 March 2013 report. Defendant contests this finding, arguing that the State failed to present any evidence that he committed the criminal offenses alleged in paragraphs ten and eleven. Yet, the 27 March 2013 violation report alleged the following probation violations:
 

 10. Condition of Probation "Commit no criminal offense in any jurisdiction" in that
 

 THE DEFENDANT WAS CHARGED ON 02/07/2013 IN UNION COUNTY ON CASE 13CR 050542 FOR THE MISDEMEANOR POSSESSION OF DRUG PARAPHERNALIA AND OF POSSESSION
 

 *526
 
 OF MARIJUANA OF UP TO 1/2 OZ....
 

 11. Condition of Probation "Commit no criminal offense in any jurisdiction" in that
 

 ON 02/07/2013 IN UNION COUNTY THE DEFENDANT WAS CHARGED ON 13CR 050542 WITH PWISD COCAINE....
 

 See
 
 N.C. Gen.Stat. § 15A-1343(b)(1) (2015) ;
 
 see also
 
 N.C. Gen.Stat. §§ 90-95(a)(1), (3), (b)(1), (d)(4), 90-113.22 (2015).
 

 As defendant observes, the mere fact that he was charged with certain criminal offenses is insufficient to support a finding that he committed them.
 
 State v. Lee,
 

 232 N.C.App. 256
 
 , 260,
 
 753 S.E.2d 721
 
 , 723 (2014). However, a defendant need not be convicted of a criminal offense in order for the trial court to find that a defendant violated N.C. Gen.Stat. § 15A-1343(b)(1) by committing a criminal offense. We have previously stated,
 

 Under the Justice Reinvestment Act, a defendant's probation is subject to revocation if he violates the normal condition of probation that he "[c]ommit no criminal offense in any jurisdiction." N.C. Gen.Stat. § 15A-1343(b)(1) (2011). A conviction by jury trial or guilty plea is one way for the State to prove that a defendant committed a new criminal offense. The State may also introduce evidence
 
 *750
 
 from which the trial court can independently find that the defendant committed a new offense.
 

 Lee,
 

 232 N.C.App. at 259
 
 ,
 
 753 S.E.2d at 723
 
 (internal citations omitted). Moreover, by alleging a violation of the condition requiring him to "[c]ommit no criminal offense in any jurisdiction[,]" paragraphs ten and eleven of the 27 March 2013 report "put defendant on notice that the State was alleging a revocation-eligible violation[.]"
 
 Id.
 
 at 260,
 
 753 S.E.2d at 723
 
 .
 

 We conclude that the trial court made an independent determination that defendant committed the three offenses he was charged with on 7 February 2013 in 13 CR 050542, as alleged in paragraphs ten and eleven of the 27 March 2013 violation report. The court made this determination by finding that defendant committed the violation alleged in the 8 February 2013 report. The 8 February 2013 report alleged that defendant willfully violated the condition of probation in N.C. Gen.Stat. § 15A-1343(b)(15) based on the following facts:
 

 ON 02/07/2013, DURING A WARRANTLESS SEARCH OF [DEFENDANT'S] RESIDENCE, THREE ROCKS OF COCAINE, A SMALL AMOUNT OF MARIJUANA AND DRUG PARAPHERNALIA WERE FOUND.
 

 The sworn violation report constitutes competent evidence sufficient to support the trial court's finding that defendant committed this violation. (
 
 See
 

 State v. High,
 

 183 N.C.App. 443
 
 , 449,
 
 645 S.E.2d 394
 
 , 397-98 (2007) ).
 

 Given the informal nature of a probation revocation proceeding,
 
 Murchison,
 

 367 N.C. at 464
 
 ,
 
 758 S.E.2d at 358
 
 , the trial court was entitled to infer that the discovery of the "three rocks of cocaine, a small amount of marijuana and drug paraphernalia" during the warrantless search of defendant's residence on 7 February 2013 gave rise to the criminal charges "for the misdemeanor possession of drug paraphernalia and of [sic] possession of marijuana up to 1/2 oz"
 
 [3]
 
 and "PWISD cocaine" filed against defendant the same day. (All caps omitted.)
 

 III. Conclusion
 

 Accordingly, the trial court's finding that defendant committed the violation alleged in the 8 February 2013 report supports its finding that he committed three of the criminal offenses alleged in paragraphs ten
 
 *751
 
 and eleven of the 27 March 2013 report. As defendant does not contest the finding that he willfully violated his probation as alleged in the 8 February 2013 report, he cannot show that the trial court's decision to revoke his probation was legally erroneous, unsupported by the evidence, or manifestly unreasonable.
 

 AFFIRMED.
 

 Judges McCULLOUGH and INMAN concur.
 

 [1]
 

 It appears that a third violation report was filed 27 May 2015, alleging that defendant had "failed to notify probation officer of his location, therefore making himself unavailable and has absconded." The record on appeal does not contain this document. Defendant represents to this Court that the 27 May 2015 violation "report could not be located in the trial court's file" and notes that the trial court "did not find a violation based on that allegation." The hearing transcript reflects that the trial court expressly declined to find the violation alleged in the 27 May 2015 report.
 

 [2]
 

 The court also found that defendant committed the violations alleged in paragraphs one through five and seven through eleven of the 27 March 2013 report.
 

 [3]
 

 Because possession of one-half ounce or less of marijuana is a Class 3 misdemeanor,
 
 see
 
 N.C. Gen.Stat. § 90-95(a)(3), (d)(4) (2015), defendant's probation could not be revoked "solely" for committing this offense. N.C. Gen.Stat. § 15A-1344(d) (2015).