IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-493

 Filed: 20 December 2016

Orange County, No. 12 CRS52086, 12 CRS 52671

STATE OF NORTH CAROLINA

 v.

PIERRE JE BRON MOORE, Defendant.

 Appeal by Defendant from judgment entered 15 January 2016 by Judge R.

Allen Baddour in Orange County Superior Court. Heard in the Court of Appeals 19

October 2016.

 Attorney General Roy A. Cooper, III., by Assistant Attorney General Jessica V.
 Sutton, for the State.

 Allegra Collins Law, by Allegra Collins, for Defendant-Appellant.

 DILLON, Judge.

 Defendant Pierre Je Bron Moore was convicted of a number of charges and

placed on supervised probation. While on probation, he was served with two

probation violation notices. After a hearing on the matter, Judge Baddour entered a

judgment revoking Defendant’s probation and activating his suspended sentence. On

appeal, Defendant contends that Judge Baddour lacked jurisdiction to revoke his

probation, contending that the State failed to give him adequate notice that it was
 STATE V. MOORE

 Opinion of the Court

alleging a revocation-eligible violation. We disagree and thus affirm Judge Baddour’s

judgment.

 I. Analysis

 In North Carolina, a defendant’s “probation may be reduced, terminated,

continued, extended, modified, or revoked . . . .” N.C. Gen. Stat. § 15A-1344(a) (2016).

However, with the passage of the Justice Reinvestment Act of 2011, it is “no longer

true that [any] violation of a valid condition of probation is sufficient to revoke

defendant’s probation.” State v. Kornegay, 228 N.C. App. 320, 323, 745 S.E.2d 880,

882 (2013) (emphasis added). Rather, the Act enumerates three ways a defendant’s

probation may be revoked: (1) the defendant commits a criminal offense; (2) the

defendant absconds supervision; or (3) the defendant previously served two periods

of confinement in response to a violation. N.C. Gen. Stat. § 15A-1344(a).

 And where the State seeks to revoke someone’s probation, it “must give the

probationer notice of the [revocation] hearing and its purpose, including a statement

of the violations alleged.” N.C. Gen. Stat. § 15A-1345(e). That is, the violation report

served on the probationer must put him “on notice that the State [is] alleging a

revocation-eligible violation[.]” State v. Lee, 232 N.C. App. 256, 260, 753 S.E.2d 721,

723 (2014). Absent adequate notice that a revocation-eligible violation is being

alleged, the trial court lacks jurisdiction to revoke a defendant’s probation, unless the

 -2-
 STATE V. MOORE

 Opinion of the Court

defendant waives the right to notice. Kornegay, 228 N.C. App. at 322, 745 S.E.2d at

883.

 In the present case, Judge Baddour revoked Defendant’s probation based on

his determination that Defendant had committed new criminal offenses, a revocation-

eligible violation. On appeal, Defendant argues that he did not receive adequate

notice that the State “intend[ed] to prove [at the hearing] that [he] violated a

condition of probation that could result in the revocation of probation[.]” Kornegay,

228 N.C. App. at 322, 745 S.E.2d at 882.

 The notices to Defendant alleged that he violated his probation as follows:

 The Defendant has the following pending charges in
 Orange County . . . 15 CR 51309 flee/elude arrest W/MV
 6/8/15, . . . 14 CR 052225 possess drug paraphernalia
 6/16/15, 14 CR 052224 resisting public officer 6/16/15 . . . .

While the notices state that the pending charges constituted a violation of

Defendant’s probation, the notices fail to state expressly which condition of probation

the State was contending had been violated. More specifically, the notices do not

expressly indicate that the State was alleging that Defendant had violated the

condition that he not commit a new criminal offense.

 Our Court has never explicitly held that certain “magic” words must be used

in a notice to confer jurisdiction on a court to revoke probation. However, on a number

of occasions, our Court has been called upon to determine whether certain wording in

a violation report constituted adequate notice.

 -3-
 STATE V. MOORE

 Opinion of the Court

 For instance, in State v. Lee, we held that the notice was adequate where the

violation report alleged that the probationer had certain enumerated criminal

charges pending and that by he had, therefore, violated the condition that he not

commit a new criminal offense. Lee, 232 N.C. App. at 260, 753 S.E.2d at 723-24.

Indeed, it was unambiguous that the State was alleging a revocation-eligible

violation. In Kornegay, however, we held that the notice was not adequate where the

State alleged that the probationer possessed illegal drugs but further alleged that

said possession constituted a violation of a different condition, namely that he not

possess illegal drugs. Kornegay, 228 N.C. App. at 322, 745 S.E.2d at 882. Violating

the condition that the probationer not possess illegal drugs, though, is not a

revocation-eligible violation. Therefore, it certainly would not have been clear to the

probationer in Kornegay from the notice that the State was alleging that he had

committed the revocation-eligible violation of committing a new criminal offense.

 We conclude that Defendant had adequate notice that the State was alleging

a revocation-eligible violation of the condition, namely that he not commit a new

criminal offense. Specifically, we conclude that where the notice fails to allege

specifically which condition was violated but where the allegations in the notice could

only point to a revocation-eligible violation, the notice is adequate to confer

jurisdiction to revoke probation. Here, the only condition of Defendant’s probation to

 -4-
 STATE V. MOORE

 Opinion of the Court

which his alleged pending charges could reasonably be referring to is the condition

that he not commit a new criminal offense. There is no ambiguity.

 Our result might be different had the report stated that Defendant had been

charged with the crime of possessing illegal drugs, without referring to a specific

condition of probation. In such case, Defendant would have had to guess whether the

State was alleging that he committed a non-revocation-eligible violation of possessing

illegal drugs or a revocation-eligible violation of committing a new criminal offense.

 We note, though, that it is always the better practice for the State to expressly

state which condition of probation it is alleging has been violated.

 IV. Conclusion

 The General Assembly has stated that the State’s notice must give the

probationer notice of the purpose of the hearing and a statement of the violations

alleged. N.C. Gen. Stat. § 15A-1345(e). We conclude that the State fulfilled its

obligation in this case. Accordingly, we conclude that Judge Baddour properly

exercised jurisdiction to revoke Defendant’s probation, and we find no error.

 NO ERROR.

 Judge ELMORE concurs.

 Judge HUNTER, JR., dissents by separate opinion.

 -5-
 No. COA16-493 State v. Moore

 HUNTER, JR., Robert N., Judge, Dissenting.

 I respectfully dissent from the majority affirming the trial court and revoking

Defendant’s probation. Instead, I would vacate the trial court’s judgment ex mero

motu for lack of jurisdiction.

 In probation revocations, the requirement of notice is imperative. Absent

adequate notice, the trial court lacks subject matter jurisdiction. State v. Kornegay,

228 N.C. App. 320, 322, 745 S.E.2d 880, 882 (2013) (citing State v. Tindall, 227 N.C.

App. 183, 187, 742 S.E.2d 272, 275 (2013)). To provide adequate notice, the

“probation officer [must] specifically allege[ ] in the violation report that

defendant . . . violated the condition that he not commit any criminal offense[,]” and

Defendant must be “aware that the State [is] alleging a revocation-eligible violation

and he [is] aware of the exact violation upon which the State relied.” State v. Lee, 232

N.C. App. 256, 260, 753 S.E.2d 721, 723-24 (2014) (emphasis added).

 The majority states, “Our Court has never explicitly held that certain ‘magic’

words must be used in a notice to confer jurisdiction on a court to revoke probation.”

However, the Court’s definition of adequate notice in Lee, Hancock, and Davis and its

identification of inadequate notice in Tindall, Kornegay, and Jordan, demonstrate

the use of specific wording guides our Court’s decision.

 In Lee, Hancock, and Davis, this Court held the State provided adequate notice

when the State used specific “commit no criminal offense” language. For example, in

Lee, this Court held the State gave adequate notice when the “violation report
 STATE V. MOORE

 HUNTER, JR., Robert N., J., dissenting

specifically alleged that defendant violated the condition of probation that he commit

no criminal offense in that he had several new pending charges which were

specifically identified . . . .” Lee, 232 N.C. App. at 259, 753 S.E.2d at 723 (emphasis

added). The Court focused on the fact “[t]he probation officer specifically alleged in

the violation report that defendant had violated the condition that he not commit any

criminal offense.” Id. at 260, 753 S.E.2d at 723-24. Additionally, the Court noted

Defendant in Lee was “aware that the State was alleging a revocation-eligible

violation and he was aware of the exact violation upon which the State relied.” Id. at

260, 753 S.E.2d at 724 (emphasis added).

 Further, this Court held in Davis:

 Defendant was provided with sufficient notice that his
 probation could be revoked by means of a probation
 violation report clearly indicating that: (1) Defendant had
 willfully violated the condition of his probation that he
 commit no criminal offense . . . . Therefore, unlike Tindall
 and Kornegay, Defendant was provided with adequate
 notice of the State’s contention that he had committed a
 new criminal offense that was grounds for revocation . . . .

State v. Davis, No. COA 14-843, 2015 WL 892282, at *3 (unpublished) (N.C. Ct. App.

March 3, 2015). Lastly, in Hancock, this Court held where specific “commit no

criminal offense” is used, the “defendant need not be convicted of a criminal offense

in order for the trial court to find that a defendant violated N.C. Gen. Stat. § 15A-

1343(b)(1) by committing a criminal offense.” State v. Hancock, ___ N.C. App. ___,

___, 789 S.E.2d 522, 526 (2016).

 2
 STATE V. MOORE

 HUNTER, JR., Robert N., J., dissenting

 Similarly, our Court has held where specific “commit no criminal offense”

language is lacking, the State did not provide adequate notice. In State v. Jordan,

the trial court revoked Defendant’s probation based on the violation “Other Violation:

Defendant failed to report to superior court for pending probation violation on

12/3/2013.” No. COA 14-931, 2015 WL 1201392, at *3-*4 (unpublished) (N.C. Ct. App.

March 17, 2015) (all caps in original). The State alleged this violation constituted a

criminal offense and was sufficient to support revocation. Id. at *3. However, this

Court concluded “the fact that failure to appear can constitute a crime does not, in

itself, provide adequate notice absent clear indication that the State is pursuing that

violation as a criminal offense pursuant to N.C. Gen. Stat. § 15A-1343(b)(1).” Id. at

*4 (emphasis added). This Court held “[a]dequate notice requires that a defendant

be notified concerning which alleged violations the State intends to pursue for the

purposes of probation revocation.” Id. at *5 (emphasis added).

 In Tindall, Defendant’s probation officer filed a violation report alleging

Defendant willfully violated two conditions of probation: (1) “not use, possess or

control any illegal drug” and (2) “[to] participate in further evaluation, counseling,

treatment or education programs . . . .” Tindall, 227 N.C. App. at 186, 742 S.E.2d at

275. This Court concluded the State failed to provide adequate notice. Id. at 187,

742 S.E.2d at 275. This Court highlighted the fact the report did not specifically

 3
 STATE V. MOORE

 HUNTER, JR., Robert N., J., dissenting

allege Defendant committed a new criminal act. Id. at 186-87, 742 S.E.2d at 275.

Thus, this Court held the trial court lacked jurisdiction. Id. at 187, 742 S.E.2d at 275.

 In Kornegay, the State filed two violation reports alleging Defendant violated

three conditions of probation: (1) he “not be in possession of any drug paraphernalia”

(2) he “[p]ossess no firearm . . . or other deadly weapon,” and (3) he “[n]ot use, possess

or control any illegal drug or controlled substance . . . .” Kornegay, 228 N.C. App. at

321, 745 S.E.2d at 881 (brackets in original). Again, the reports did not specifically

allege these behaviors violated the “commit no criminal offense” probation condition.

Id. at 323, 745 S.E.2d at 883. This Court held the notice was inadequate and trial

court lacked jurisdiction to revoke probation. Id. at 323-24, 745 S.E.2d at 883.

 In this case, Defendant was convicted of various charges and placed on

supervised probation and suspended sentencing. On 3 June 2015, Defendant’s

Probation Officer, Willie Atwater, filed violation reports and stated Defendant

“willfully violated” certain conditions of probation and committed “other violation[s].”

On both violation reports under “Other Violation,” Probation Officer Atwater wrote

the following:

 The Defendant has the following pending charges in
 Orange County. 15CR 051315 No operator[’]s license
 6/8/15, 15CR 51309 Flee/elude arrest w/mv 6/8/15. 13CR
 709525 No operator[’]s license 6/15/15, 14CR 052225
 Possess drug paraphernalia 6/16/15, 14CR 052224
 Resisting public officer 6/16/15, 14CR706236 No
 motorcycle endorsement 6/29/15, 14CR 706235 Cover reg
 sticker/plate 6/29/15, and 14CR 706234 Reg card address

 4
 STATE V. MOORE

 HUNTER, JR., Robert N., J., dissenting

 change violation.

(all caps in original)

 The violation reports filed 3 June 2015 fail to provide adequate notice under

our current case law. Merely alleging Defendant committed a new charge is not

grounds for revocation. Lee, 232 N.C. App. at 260, 753 S.E.2d at 723. Further, the

State failed to give notice of the particular revocation-eligible violation alleged by the

State. Id. at 260-61, 753 S.E.2d at 723 (“because of the changes effected by the Justice

Reinvestment Act, we have required that defendants be given notice of the particular

revocation-eligible violation alleged by the State.”) (emphasis added) (citations

omitted). The violation report did not specifically allege Defendant “committed a

criminal offense” when it listed the new charges under the heading “Other Violation.”

Further, the violation reports did not allege these new charges were revocation-

eligible.

 Because the probation violation reports fail to give Defendant adequate notice

of the revocation-eligible conduct at issue, the trial court did not have subject matter

jurisdiction to revoke Defendant’s probation. Accordingly, I would vacate the trial

court’s judgment ex mero motu.

 5