HUNTER, JR., Robert N., Judge, Dissenting.
I respectfully dissent from the majority affirming the trial court and revoking Defendant's probation. Instead, I would vacate the trial court's judgment ex mero motu for lack of jurisdiction.
In probation revocations, the requirement of notice is imperative. Absent adequate notice, the trial court lacks subject matter jurisdiction. State v. Kornegay , 228 N.C.App. 320, 322, 745 S.E.2d 880, 882 (2013) (citing State v. Tindall , 227 N.C.App. 183, 187, 742 S.E.2d 272, 275 (2013) ). To provide adequate notice, the "probation officer [must] specifically allege[ ] in the violation report that defendant ... violated the condition that he not commit any criminal offense[,]" and Defendant must be "aware that the State [is] alleging a revocation-eligible violation and he [is] aware of the exact violation upon which the State relied." State v. Lee , 232 N.C.App. 256, 260, 753 S.E.2d 721, 723-24 (2014) (emphasis added).
The majority states, "Our Court has never explicitly held that certain 'magic' words must be used in a notice to confer jurisdiction on a court to revoke probation." However, the Court's definition of adequate notice in Lee , Hancock , and Davis and its identification of inadequate notice in Tindall , Kornegay , and Jordan , demonstrate the use of specific wording guides our Court's decision.
In Lee , Hancock , and Davis , this Court held the State provided adequate notice when the State used specific "commit no criminal offense" language. For example, in Lee , this Court held the State gave adequate *601 notice when the "violation report specifically alleged that defendant *309 violated the condition of probation that he commit no criminal offense in that he had several new pending charges which were specifically identified...." Lee , 232 N.C.App. at 259, 753 S.E.2d at 723 (emphasis added). The Court focused on the fact "[t]he probation officer specifically alleged in the violation report that defendant had violated the condition that he not commit any criminal offense." Id. at 260, 753 S.E.2d at 723-24. Additionally, the Court noted Defendant in Lee was "aware that the State was alleging a revocation-eligible violation and he was aware of the exact violation upon which the State relied." Id. at 260, 753 S.E.2d at 724 (emphasis added).
Further, this Court held in Davis :
Defendant was provided with sufficient notice that his probation could be revoked by means of a probation violation report clearly indicating that: (1) Defendant had willfully violated the condition of his probation that he commit no criminal offense.... Therefore, unlike Tindall and Kornegay , Defendant was provided with adequate notice of the State's contention that he had committed a new criminal offense that was grounds for revocation....
State v. Davis , No. COA14-843, 2015 WL 892282, at *3 (unpublished) (N.C. Ct. App. March 3, 2015). Lastly, in Hancock , this Court held where specific "commit no criminal offense" is used, the "defendant need not be convicted of a criminal offense in order for the trial court to find that a defendant violated N.C. Gen. Stat. § 15A-1343(b)(1) by committing a criminal offense." State v. Hancock , --- N.C.App. ----, ----, 789 S.E.2d 522, 526 (2016).
Similarly, our Court has held where specific "commit no criminal offense" language is lacking, the State did not provide adequate notice. In State v. Jordan , the trial court revoked Defendant's probation based on the violation "Other Violation: Defendant failed to report to superior court for pending probation violation on 12/3/2013." No. COA14-931, 2015 WL 1201392, at *3-*4 (unpublished) (N.C. Ct. App. March 17, 2015) (all caps in original). The State alleged this violation constituted a criminal offense and was sufficient to support revocation. Id. at *3. However, this Court concluded "the fact that failure to appear can constitute a crime does not, in itself, provide adequate notice absent clear indication that the State is pursuing that violation as a criminal offense pursuant to N.C. Gen. Stat. § 15A-1343(b)(1)." Id. at *4 (emphasis added). This Court held "[a]dequate notice requires that a defendant be notified concerning which alleged violations the State intends to pursue for the purposes of probation revocation." Id. at *5 (emphasis added).
*310 In Tindall , Defendant's probation officer filed a violation report alleging Defendant willfully violated two conditions of probation: (1) "not use, possess or control any illegal drug" and (2) "[to] participate in further evaluation, counseling, treatment or education programs...." Tindall , 227 N.C.App. at 186, 742 S.E.2d at 275. This Court concluded the State failed to provide adequate notice. Id. at 187, 742 S.E.2d at 275. This Court highlighted the fact the report did not specifically allege Defendant committed a new criminal act. Id. at 186-87, 742 S.E.2d at 275. Thus, this Court held the trial court lacked jurisdiction. Id. at 187, 742 S.E.2d at 275.
In Kornegay , the State filed two violation reports alleging Defendant violated three conditions of probation: (1) he "not be in possession of any drug paraphernalia" (2) he "[p]ossess no firearm ... or other deadly weapon," and (3) he "[n]ot use, possess or control any illegal drug or controlled substance...." Kornegay , 228 N.C.App. at 321, 745 S.E.2d at 881 (brackets in original). Again, the reports did not specifically allege these behaviors violated the "commit no criminal offense" probation condition. Id . at 323, 745 S.E.2d at 883. This Court held the notice was inadequate and trial court lacked jurisdiction to revoke probation. Id . at 323-24, 745 S.E.2d at 883.
In this case, Defendant was convicted of various charges and placed on supervised probation and suspended sentencing. On 3 June 2015, Defendant's Probation Officer, Willie Atwater, filed violation reports and stated Defendant "willfully violated" certain conditions of probation and committed "other *602 violation[s]." On both violation reports under "Other Violation," Probation Officer Atwater wrote the following:
The Defendant has the following pending charges in Orange County. 15CR 051315 No operator[']s license 6/8/15, 15CR 51309 Flee/elude arrest w/mv 6/8/15. 13CR 709525 No operator[']s license 6/15/15, 14CR 052225 Possess drug paraphernalia 6/16/15, 14CR 052224 Resisting public officer 6/16/15, 14CR706236 No motorcycle endorsement 6/29/15, 14CR 706235 Cover reg sticker/plate 6/29/15, and 14CR 706234 Reg card address change violation.
(all caps in original)
The violation reports filed 3 June 2015 fail to provide adequate notice under our current case law. Merely alleging Defendant committed a new charge is not grounds for revocation. Lee , 232 N.C.App. at 260, 753 S.E.2d at 723. Further, the State failed to give notice of the particular revocation-eligible violation alleged by the State.
*311 Id. at 260-61, 753 S.E.2d at 723 ("because of the changes effected by the Justice Reinvestment Act, we have required that defendants be given notice of the particular revocation-eligible violation alleged by the State.") (emphasis added) (citations omitted). The violation report did not specifically allege Defendant "committed a criminal offense" when it listed the new charges under the heading "Other Violation." Further, the violation reports did not allege these new charges were revocation-eligible.
Because the probation violation reports fail to give Defendant adequate notice of the revocation-eligible conduct at issue, the trial court did not have subject matter jurisdiction to revoke Defendant's probation. Accordingly, I would vacate the trial court's judgment ex mero motu .